Swing, J.
We think that the court of common pleas erred in its rulings on the admission of evidence and in its charge to the jury on the right of Seasongood to recover for damages to his lot by reason of the change of grade.
In our opinion, a lot-owner who has improved his lot by grading it to the established grade of a street, has a right to recover as damages the value of his improvement which is destroyed or made of no value by reason of the change of grade.
We can sec no difference in principle between a property owner recovering for damages to his improvements in grading his property to conform to an established grade of a street, and in recovering damages for structures or other improvements which may have been made with reference to such established grade, when the damage has been caused by a change of grade.
The public having acted in establishing a grade of a street, the citizen may safely rely on the action of the public, and improve his property in accordance with the same. The value of the improvement which is destroyed by reason of the change *228 made by the public, is the measure of his damage. Of •course, such improvements must be reasonable, and in no ease should recovery be had for a larger amount than the value of the lot at the time of the proposed change of grade.
W. M. Ampt, for plaintiff in error.
John Galvin, Assistant City Solicitor, for defendant in error.
For error of the court in refusing to admit evidence as to change of grade and damage to the lots, and the error of the ■court in its charge on this question, thejudgment ofthe court, of common pleas is reversed, and the cause is remanded to said court for further proceedings at the cost of the defendant in ■error.